UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Strategic Acquisitions, Inc., <br>     Plaintiff, <br>     v. <br> Gilbert J. Heredia; Lori E. Heredia; all occupants in possession; <br>     Defendants. | No. 2:15-cv-02346-GEB-EFB <br><br> ***SUA SPONTE* REMAND ORDER**\* |

       On November 12, 2015, Defendants filed a Notice of Removal removing this unlawful detainer action from the Superior Court of California for the County of Alameda. (Notice of Removal ("NOR"), ECF No. 1.) For the following reasons, the Court *sua sponte* remands this case to the Superior Court of California for the County of Alameda for lack of subject matter jurisdiction.

       "There is a 'strong presumption against removal jurisdiction,' and the removing party has the burden of establishing that removal is proper." Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall

---

\*   The undersigned judge revokes any actual or anticipated referral to a Magistrate Judge for the purposes of Findings and Recommendations in this case.

1

be remanded." 28 U.S.C. § 1447(c). "The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." GFD, LLC v. Carter, No. CV 12-08985 MMM (FFMx), 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012) (citing Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003)).

    Defendants assert in the Notice of Removal ("NOR") that both federal question and diversity removal jurisdiction exist. (NOR 1:21-29.)

    Defendants have not shown the existence of federal question jurisdiction. Review of the Complaint reveals Plaintiff alleges a single claim for unlawful detainer under California law, and "[a]s a general rule, . . . a case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). Under the "well-pleaded complaint rule[,] . . . 'a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint . . . .'" Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 947 (9th Cir. 2014) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987)). Similarly, "federal [question] jurisdiction [cannot] rest upon an actual or anticipated counterclaim." Vaden v. Discover Bank, 556 U.S. 49, 50 (2009).

    Further, Defendants have not shown the existence of diversity jurisdiction. Each Defendant is not alleged to have diverse citizenship from Plaintiff, and the Complaint does not allege that the matter in controversy exceeds $75,000. 28 U.S.C.

§ 1332(a). The Complaint was filed as a limited civil action where the "amount demanded does not exceed $10,000." (See Compl., Ex. A to NOR, ECF 1 at ECF p. 10.)

For the stated reasons, this case is remanded to the Superior Court of California for the County of Alameda. In light of this ruling, the Court need not decide Defendant Lori Heredia's application to proceed *in forma pauperis.*

Dated:  December 3, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3